UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Juan Rodriquez

    v.                                  Civil No. 05-cv-325-JD

United States Drug
Enforcement Administration


**O R D E R**

Proceeding *pro se* and *in forma pauperis*, plaintiff Juan Rodriguez has filed a civil complaint for equitable relief, seeking the return of property seized by the United States Drug Enforcement Administration ("DEA") (document nos. 1, 4 and 9). Named as the defendant in this action is the Forfeiture Counsel of the DEA, Asset Forfeiture Section.

The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted. See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). For the reasons stated below, I find that Rodriguez has alleged a post-conviction claim for civil equitable relief against the DEA Forfeiture Counsel.

Standard of Review

In reviewing a *pro se* complaint, courts must construe the pleading liberally and in favor of the *pro se* party.  See Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that *pro se* pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).  I apply this standard in reviewing Rodriguez' complaint.

Background

Construing the factual allegations in the light most favorable to Rodriguez, the material facts are as follows. Rodriguez is currently incarcerated at the Worcester County Jail and House of Corrections in West Boylston, Massachusetts (WCJHOC).  On March 29, 2004, he was arrested by the Nashua Police Department, Nashua, New Hampshire ("NPD"), allegedly upon a fugitive from justice warrant issued by the Fitchburg Police

Department, Fitchburg, Massachusetts.  During the arrest, the NPD seized United States currency in the amount of $1,905.00, including a settlement check in the amount of $1500.00 issued by Preferred Labor LLC to Rodriguez for unpaid overtime labor, a check in the amount of $623.73 issued to Rodriguez by the WCJHOC and $50.00 in cash.[1]  Heather O'Brien, court-appointed counsel, contacted the NPD on March 31, 2004 and was told that the seized currency would be held until the resolution of Rodriguez' Massachusetts proceedings.

On April 1, 2004, Rodriguez received a notice of seizure from the NPD which, he contends, was improperly addressed to "Juan Rodriguez a.k.a. Jose Garcia."  Thereafter, on April 23, 2004, the DEA seized the currency from the NPD for forfeiture purposes, pursuant to 21 U.S.C. § 881, purportedly because the property was used or acquired as a result of a violation of the Controlled Substances Act, 21 U.S.C. §§ 801 *et. seq*.  On August 12, 2004, Rodriguez was sentenced on charges of assault and battery with a deadly weapon.  On May 25, 2005, O'Brien allegedly informed him that the state court ordered the currency returned to him.

---

[1]Rodriguez seeks the return of only $1905.00 even though the amount allegedly seized exceeds that amount.

On June 3, 2004, the DEA sent a notice of seizure to Rodriguez thereby notifying him of the initiation of forfeiture proceedings.  The notice advised Rodriguez of his right to request remission or mitigation of the forfeiture by filing a claim with the DEA Forfeiture Counsel within 30 days.  He was further advised that in addition to or in *lieu* of petitioning for remission of mitigation, he had the right to contest the forfeiture in United States District Court by filing a claim with DEA Forfeiture Counsel by July 8, 2004.

Rodriguez complied by filing a petition for return of the seized property on June 23, 2004.  Having received no response from the DEA and as a precaution to ensure the timeliness of his claim, he filed another petition on July 7, 2004.  Construing the petition solely as a request for remission or mitigation, the DEA sent an acknowledgment letter to Rodriguez at the WCJHOC on July 21, 2004.  According to Rodriguez, he never intended to file a petition for remission or mitigation.  Moreover, he never received the acknowledgment because on July 22, 2004 he was transferred to MCI Concord to await trial and remained there until August 11, 2004.

On September 4, 2004, Rodriguez sent a letter to the DEA to inquire about the status of his claim; the DEA received a copy of

the inquiry on September 20, 2004.  On October 1, 2004, Rodriguez was transferred to the Bridgewater State Hospital for psychiatric evaluation where he remained until October 29, 2004, at which point he was returned to the WCJHOC.  On October 13, 2004, the DEA issued a ruling denying Rodriguez' petition for remission or mitigation.  A copy of the decision was sent to him, *via* certified mail return receipt requested, at MCI-Concord and purportedly was received on November 1, 2004.  Rodriguez contends that on November 1, 2004 he was incarcerated at the WCJHOC and never received a copy of the decision.

On April 28, 2005, Rodriguez filed a petition for return of the currency with the DEA Forfeiture Counsel.  The DEA responded on July 15, 2005, advising him that his claim was untimely, the period in which to request reconsideration of the denial of his petition had expired and his case was closed.

Rodriguez now brings the instant action for equitable relief seeking return of his property.  Construed liberally, the complaint asserts a collateral due process attack on the DEA's administrative forfeiture and challenges the adequacy of notice given to Rodriguez.

## Discussion

Seeking return of his property, Rodriguez asserts a

collateral attack on the DEA's administrative forfeiture and challenges the adequacy of notice provided to him.  Construed liberally, the complaint alleges that the DEA Forfeiture Counsel violated his due process rights by failing to provide adequate notice of the forfeiture proceedings brought against him pursuant to 21 U.S.C. § 881.

The Controlled Substances Act authorizes forfeiture to the government of certain property seized from drug offenders.  See 21 U.S.C. § 881.  See also United States v. Hines, No. CR.A. 99-543, WL 22232887, at *2-3 (E.D.Pa. 2003).  Such property includes "all moneys, negotiable instruments, and securities used or intended to be used to facilitate" drug-related crimes.  21 U.S.C. § 881(a)(6).  Property seized from drug offenders that is valued less than $500,000 is subject to summary administrative forfeiture proceedings.  See 19 U.S.C. §§ 1607-09.  To effect such a forfeiture, the government must send written notice of the seizure along with information on the applicable forfeiture procedures to "each party who appears to have an interest in the seized article."  19 U.S.C. § 1607(a).  If the government receives no response to the notice within a prescribed period of time, the seized property is declared administratively forfeited to the government.  See id.

"If an individual fails to contest an administrative forfeiture, he loses all recourse for judicial review of the administrative proceeding's merits." Longenette v. Krusing, 322 F.3d 758, 761 n. 4 (3d Cir. 2003); Hines, WL 22232887 at *2-3. While most judicial challenges to an administrative forfeiture are foreclosed by the plaintiff's failure to use the mechanism provided in the forfeiture statute and regulations, United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995) and Toure v. United States, 24 F.3d 444, 445-56 (2d Cir. 1994), federal courts have jurisdiction to entertain collateral due process attacks on administrative forfeitures, including challenges to the adequacy of notice, Mantilla v. United States, 302 F.3d 182, 184 (3d Cir. 2002) and Giraldo, 45 F.3d at 511.  "The operative question is whether notice was adequate at the time that the notice was sent, and due process is not satisfied if the notifying party knew or had reason to know that notice would be ineffective." Krecioch v. United States, DEA, 221 F.3d 976, 980 (7th Cir. 2000).

> When the government mails a notice to an address at which it knows the claimant not to be, the notice typically violates due process because it is not reasonably calculated to apprise the claimant of the action. See United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995); United States v. Woodall, 12 F.3d 791, 794 (8th Cir. 1993).  If it does nothing more, the government knows for fact that the claimant will never receive notice.  When the government does not know or reasonably cannot discover the plaintiff's

>   whereabouts, the government may satisfy due process with
>   mere publication of a forfeiture notice. <u>Mullane v. Central
>   Hanover Bank & Trust Co.</u>, 339 U.S. 306, 317-19 (1950).
>   However, when the claimant is incarcerated or in government
>   custody, the ease of learning the claimant's location makes
>   it in most cases "unreasonable" for the forfeiting agency to
>   fail to ascertain the location of one it knows to be in
>   government custody.

<u>Id.</u>

Here, the DEA allegedly denied Rodriguez due process by failing to provide him with adequate notice of the forfeiture proceedings initiated against him. Rodriguez received the DEA's June 3, 2004 notice, advising him of his right to petition the DEA for remission or mitigation and/or contest the forfeiture of the seized property in federal court. He responded on June 23, 2004 by filing a petition for the return of property. Rodriguez allegedly never received the DEA's July 21, 2004 acknowledgment which construed his petition solely as a request for remission or mitigation and foreclosed his opportunity for judicial review. When the acknowledgment was sent to him at the WCJHOC, he was incarcerated at MCI Concord to await trial in Massachusetts. Rodriguez further contends that he never received a copy of the DEA's decision denying his petition. When the decision was sent to him at MCI Concord, he was incarcerated at the WCJHOC. Because Rodriguez was incarcerated or in government custody at

the time the notices were sent to him, it would have been reasonable for the DEA to have ascertained his location and provided him with proper notice.  If true, Rodriguez' allegations may well give rise to a claim for equitable relief arising from the alleged due process violations with regard to the notice of forfeiture proceedings.

## CONCLUSION

For the reasons stated above, I find that Rodriguez has alleged a post-conviction claim for civil equitable relief against the DEA Forfeiture Counsel.

Accordingly, I order that defendant be served with and respond to the complaint.  The Clerk's Office is directed to issue the necessary summons and forward to (i) the United States Attorney for the District of New Hampshire, (ii) the Attorney General of the United States and (iii) the Drug Enforcement Administration, by certified mail, return receipt requested, copies of the summons, this order and the complaint (document nos. 1, 4 and 9).  See Fed. R. Civ. P. 4(c)(1) and 4(i)(1) and (2).

Defendant is instructed to answer or otherwise plead within sixty (60) days from service.  See Fed. R. Civ. P. 12(a)(3)(A).

Plaintiff is instructed that all future pleadings, written

motions, notices, or similar papers shall be served directly on the defendant by delivering or mailing the materials to him or his attorney, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

                                  /s/ James R. Muirhead
                                  James R. Muirhead
                                  United States Magistrate Judge

Date: December 12, 2005

cc: Juan Rodriguez, *pro se*