UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Juan Rodriguez</u>

    v.                              Civil No. 05-cv-325-JD

<u>United States of America</u>


O R D E R

Juan Rodriguez, proceeding pro se, brings an action seeking the return of money that was administratively forfeited by the Drug Enforcement Agency ("DEA") in August of 2004. The government moves to dismiss the action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Rodriguez opposes the motion.


<u>Background</u>

Rodriguez was arrested on March 29, 2004, in Nashua, New Hampshire, on a fugitive from justice warrant issued in Massachusetts. The Nashua police seized $1905 in cash that was found in the hotel room where Rodriguez had been staying. Counsel was appointed to represent Rodriguez on the charges against him in Massachusetts. Rodriguez received a notice from the Nashua Police Department that his money had been seized and that it would be subject to forfeiture under New Hampshire law. Rodriguez states that his counsel contacted the Nashua police about the return of his money and that she was told the police

would hold the money pending the outcome of his criminal case in Massachusetts.

On June 9, 2004, Rodriguez received a notice of seizure from the DEA, listing the property seized as $1,905 in United States currency. The seizure notice stated that Rodriguez could petition for the return of his property through remission or mitigation or contest the forfeiture of his property in federal court. The notice further explained the process of requesting remission or mitigation and, alternatively, the process for contesting the forfeiture by filing a claim. The seizure notice also stated that a petition for remission or mitigation must be filed with the DEA's forfeiture counsel within thirty days of the day Rodriguez received the notice of seizure and that a claim must be filed by July 8, 2004.

Rodriguez states that he sent a letter to his counsel on June 15, 2004, asking her to file a claim with the DEA and that she told him she had filed a claim. Nevertheless, on June 23, 2004, Rodriguez also filed a "Petition for Return of Property." The DEA represents that the petition was received on July 8, 2004.

The DEA sent Rodriguez a letter on July 21, 2004, notifying him that his petition for remission or mitigation had been received and would be ruled on administratively by the DEA office. The certified mail receipt indicates that the letter was

2

received at the Worcester House of Corrections but was returned to the DEA on July 27, 2004, because Rodriguez had been transferred to MCI-Concord on July 22, 2004.  Although Rodriguez states that he never received the DEA's letter, the record shows that after the letter was returned, the DEA sent it to Rodriguez at MCI-Concord, with a return receipt signed by "A Grella" on September 8, 2004.

The DEA also published newspaper notice of the forfeiture of the money seized from Rodriguez's hotel room, and no claims were received in response.  On August 4, 2004, the DEA entered a declaration of forfeiture as to the money.  The DEA also continued to process Rodriguez's petition.  On September 20, 2004, the DEA received a letter from Rodriguez in which he inquired about the status of his petition and indicated his return address at Worcester House of Corrections.  The DEA did not respond to Rodriguez's inquiry.  On October 13, 2004, the DEA sent Rodriguez a letter denying his petition and explaining the process of requesting reconsideration of the denial.  The letter was addressed to Rodriguez at MCI-Concord, and the return receipt indicates that the letter was received at MCI-Concord on behalf of Rodriguez on November 1, 2004.  Rodriguez states that on November 1, 2004, he was being held at the Worcester House of Corrections, which is the address he provided on his letter to the DEA in September.  Rodriguez also explains, however, that

during October of 2004 he was held at the Bridgewater State Hospital for observation.

In August of 2004, Rodriguez sought help from the New Hampshire Civil Liberties Union, which responded that he should be aware of and should comply with all deadlines in the forfeiture proceeding while the NHCLU reviewed his case. Rodriguez also wrote to the clerk of this court on November 7, 2004, inquiring about the status of his claim. In response, Chief Deputy Clerk Lynch explained to him that the forfeiture proceeding involving his money was a non-judicial forfeiture action conducted by the DEA and that no complaint had been filed in this court pertaining to that action.

Rodriguez completed a "claim" for his money on April 28, 2005. The claim was received by the DEA on June 16, 2005. The senior attorney in the asset forfeiture section of the DEA wrote to Rodriguez on July 15, 2005. In the letter, the attorney reviewed the history of the case and informed Rodriguez that the case was closed. Rodriguez filed this action on October 5, 2005.

## Discussion

The Civil Asset Forfeiture Reform Act, codified at 18 U.S.C. § 983, provides the process applicable to civil forfeitures of certain property. United States v. One Parcel of Real Prop. Known as 45 Claremont St., 395 F.3d 1, 3 (1st Cir. 2004). A

forfeiture of property of a value less than $500,000 can be completed administratively by a declaration, while contested forfeiture proceedings, in which claims have been filed, are referred to the United States Attorney's Office.  18 U.S.C. § 983(a)(2); 19 U.S.C. § 1609.  "District courts lack jurisdiction to review the merits of [an administrative] forfeiture unless the agency failed to follow statutory and constitutional due process standards."  United States v. Robinson, 434 F.3d 357, 364 (5th Cir. 2005); Mesa Valderrama v. United States, 417 F.3d 1189, 1194 (11th Cir. 2005).

"An individual facing forfeiture risks being deprived of his or her property and thus is entitled to notice and an opportunity to be heard."  Nunley v. Dep't of Justice, 425 F.3d 1132, 1135 (8th Cir. 2005) (citing Dusenbery v. United States, 534 U.S. 161, 167 (2002)).  The narrow remedy provided to challenge a nonjudicial forfeiture is provided in 18 U.S.C. § 983(e) as follows:

> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if--
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

Id. at 1195.  "Absent exceptional circumstances, written notice of forfeiture by certified mail to the claimant's residence satisfies due process, even if the claimant does not receive actual notice."  Lobzun v. United States, 422 F.3d 503, 507 (7th Cir. 2005).

In this case, it is undisputed that Rodriguez received written notice of the seizure of his money and the forfeiture proceeding.  The seizure notice also provided the options of filing a petition for return of his property through remission or mitigation and filing a claim to contest the forfeiture.  Rodriguez responded to that notice by filing a "Petition for Return of Property."  The DEA reviewed his petition as one seeking remission or mitigation of the forfeiture and denied it.

Rodriguez's claim in this action is that the DEA mistakenly treated his petition as seeking a return of his property through remission or mitigation when he intended to file a claim contesting the forfeiture.  As such, Rodriguez does not dispute that he received notice and an opportunity to be heard.  Instead, he argues that the DEA should have processed his petition as a claim.

Rodriguez was represented by counsel appointed in his criminal case during the time he responded to the DEA's seizure notice, and he represents that he sought her assistance in the forfeiture matter.  His response, "Petition for Return of

Property," closely follows the language used in the DEA's notice to describe a petition for remission or mitigation.  Nothing in the record presented suggests that the DEA's decision to follow the administrative process, as opposed to treating the petition as a claim, "resulted from errors of procedure and form or the government's own misconduct."  Mesa Valderrama, 417 F.3d at 1196.  Because Rodriguez received notice of the seizure and forfeiture process and was given an opportunity to be heard, no further remedy is available to him to contest the forfeiture.  Therefore, this court lacks jurisdiction to consider the matters Rodriguez raises.

## Conclusion

For the foregoing reasons, the government's motion to dismiss for lack of subject matter jurisdiction (document no. 20) is granted.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 29, 2006
cc: Juan Rodriguez, pro se
    Jean B. Weld, Esquire